# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter, the "Agreement") is made and entered into by and between Pioneer Home Care, Inc. ("Pioneer"), Patience Emenike ("Emenike") (collectively, "Pioneer Parties"), on the one hand, and Marisol Rodriguez ("Rodriguez or "Plaintiff"), on the other (the parties collectively referred to herein as the "parties"). This Agreement will be effective upon execution by all parties (the "Effective Date").

**WHEREAS**, Rodriguez was employed by the Company;

**WHEREAS**, on or about June 27, 2018, Rodriguez filed a complaint against the Pioneer Parties in the Southern District of New York, captioned *Marisol Rodriguez v. Pioneer Home Care, Inc.*, et ano. 1:18-cv-005786 (the "Action"), in which she asserted various claims of unpaid overtime and wage statement violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL);

**WHEREAS,** the Company denies any and all claims asserted by Rodriguez in the Action;

**WHEREAS**, the parties wish to avoid the expense and inconvenience of litigation and to fully and finally resolve and settle all claims, disputes and causes of action in the Action and related to the claims in the Action;

**WHEREAS,** the parties participated in a settlement conference before the Honorable James L. Cott, U.S.M.J., during which they agreed to a settlement of the Action in principle;

**WHEREAS,** the parties to this Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and all parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel and are entering into this Agreement knowingly, voluntarily and without coercion; and

**NOW, THEREFORE,** in consideration of the promises and the covenants, agreements and releases contained herein, the sufficiency of which is hereby acknowledged, the parties hereby stipulate and agree as follows:

1. **No Admissions**. This Agreement represents a resolution of disputed claims. The Company has denied and continues to deny any liability to Rodriguez. Nothing contained herein, nor any actions taken by the Pioneer Parties in connection herewith, shall constitute, be constituted as, or be deemed to be an admission of fault, liability, or wrongdoing of any kind whatsoever on the part of the Company, nor may it be introduced as evidence as to any issue of law or fact in any proceeding, suit or action, other than an action to enforce this Agreement. The Pioneer

1

10281243v1
10339468v2

Parties expressly deny any fault, liability, or wrongdoing and intend merely to settle and avoid any and all disputes with Rodriguez.

**2.      Settlement Sum.**

(a)     In full and complete settlement and final satisfaction of the Claims set forth in paragraph 5 below, provided Rodriguez executes this Agreement and complies with its terms, Pioneer agrees to pay to Rodriguez the gross amount of Forty-Thousand Dollars ($40,000.00) (the "Settlement Sum"). The Settlement Sum shall be allocated as follows:

(i) the amount of $25,871.82, less applicable taxes and withholdings, shall be paid by check made payable to Marisol Rodriguez, shall be attributable to her alleged claims for unpaid overtime wages and wage statement violations, and Pioneer will issue an IRS Form W-2 relating to this payment;

(ii) The amount of $14,128.18.00 shall be paid by check made payable to Lawrence Spasojevich, Esq., and shall be attributable to all attorneys' fees and costs incurred in connection with Rodriguez's claims, and Pioneer will issue to Rodriguez and Lawrence Spasojevich, Esq. separate IRS Forms 1099 in connection with this payment.

(b)     Within fourteen (14) business days of Pioneer's receipt of confirmation that the Action has been dismissed with prejudice, Pioneer will deliver the two settlement check payments set forth in sub-paragraph 2(a) to Plaintiff's counsel Lawrence Spasojevich, Esq. ("Plaintiff's Counsel") at the following address:  Aidala, Bertuna, & Kamins, P.C., c/o Lawrence Spasojevich, Esq., 546 Fifth Avenue, New York, NY  10036.

(c)     Pioneer makes no representations concerning the tax consequences of payment of the Settlement Sum to Rodriguez on the basis set forth hereunder, and Rodriguez agrees to pay any federal, state or local taxes that are or may become due with respect to the Settlement Sum and/or in connection with any claim that she has released pursuant to this Agreement (other than those sums withheld by the Company for taxes).  Rodriguez further agrees to indemnify and hold Pioneer harmless from any liability Rodriguez may incur should any federal, state or local taxing authority determine that additional income taxes, FICA contributions or other taxes should have been withheld from the Settlement Sum.

(d)     Should PIONEER HOMECARE INC. fail to timely make any of the payments set forth in paragraph 2(a) and 2(b) of this Agreement, RODRIGUEZ shall provide written notice, by certified mail, stating that payment was not timely made. Upon receipt of written notice, PIONEER HOMECARE INC. shall have ten days to make payment.  Notice should be sent to the attention of Salvatore G. Gangemi, Murtha Cullina LLP, 177 Broad Street, Connecticut 06901 via email at

2

sgangemi@murthalaw.com. Further, should fail to cure the late payment within ten (10) days of notification, RODRIGUEZ may immediately seek enforcement of the settlement agreement in the United States District Court, Southern District of New York, and PIONEER HOMECARE INC. will pay Releasees' reasonable attorneys' fees and costs incurred in the enforcement action.

3. **Acknowledgments and Affirmations**

(a) Rodriguez acknowledges that payment of the Settlement Sum set forth in paragraph 2 above is made in consideration for (i) this Agreement, including full and final satisfaction of all Claims (as defined in paragraph 5 below), including, without limitation, those claims asserted by Rodriguez in the Action, and (ii) the full and final dismissal of the Action by the United States District Court, Southern District of New York.

(b) Rodriguez represents and warrants that after receiving payment of the Settlement Sum, Rodriguez shall have been paid all compensation of any kind (including but not limited to wages and overtime pay) to which she may have been entitled from the Pioneer Parties with respect to her employment with Pioneer, and that she is not entitled to any further compensation (including overtime premiums) of any kind (including any liquidated damages, penalties, attorneys' fees or costs) from the Group (as that term is defined in paragraph 5 below) for the Applicable Period.

(c) Rodriguez acknowledges that: (i) payment of the Settlement Sum is in addition to anything of value to which she may already legally be entitled to receive and that she would not receive said consideration but for her execution of this Agreement; and (ii) the Settlement Sum provides valid and sufficient consideration for her undertakings pursuant to this Agreement.

(d) Rodriguez acknowledges that the representations set forth in subparagraphs (a) through (c) above are material terms of this Agreement and that Pioneer Parties would not have entered into this Agreement or otherwise agreed to pay the Settlement Sum were it not for Rodriguez's agreement to make the aforementioned representations.

(e) Rodriguez further acknowledges that the representations set forth in subparagraphs (a) through (d) shall constitute a binding admission by Rodriguez and may be used by the Pioneer Parties in any future proceeding.

4. **Dismissal of the Action.**  The Action shall be dismissed in its entirety and with prejudice.  In effectuating the dismissal of the Action, the parties will file a joint motion for court approval of the Agreement along with an executed Stipulation of Voluntary Dismissal with Prejudice, with each of the parties to bear its own attorneys' fees and costs.

5. **Release of Claims.**  In consideration of the Settlement Sum, Rodriguez hereby releases Pioneer Parties, Erhina Emenike, and Pioneer's parents,

subsidiaries and affiliates, together with their respective officers, directors, partners, shareholders, employees, agents, predecessors, successors and assigns (collectively the "Group"), from any and all claims, actions and liabilities relating to her compensation and payment of wages from Pioneer through the Effective Date of this Agreement, including but not limited to, the nonpayment of, inaccurate payment of, or deductions from wages, for minimum wage and overtime under the Fair Labor Standards Act and New York Labor Law, wage statement violations under the New York Labor Law, as well as any interest, liquidated damages, penalties, attorneys' fees, expenses and costs related to such claims (collectively referred to herein as the "Claims").

6. **Full and Knowing Waiver of Claims.**

(a)    Rodriguez represents that, other than the Action, she has not filed or permitted to be filed against the Group, individually or collectively, any charges, complaints or lawsuits, judicial, quasi-judicial or administrative hearing or other proceeding of any kind, and Rodriguez covenants and agrees that she will not file any lawsuits hereafter with respect to the Claims released pursuant to this Agreement. Nothing in this Agreement shall be construed to prohibit Rodriguez from filing a charge with or participating in any investigation or proceeding conducted by the EEOC or any other governmental agency. Notwithstanding the foregoing, Rodriguez agrees to waive the right to recover monetary damages in any charge, complaint, or lawsuit filed by her or by anyone else on her behalf based on Claims released in this Agreement.

(b)    Except as otherwise provided in this paragraph, Rodriguez will not voluntarily participate in any judicial proceeding of any nature or description against any member of the Group that in any way involves the allegations and facts that she could have raised against any member of the Group as of the Effective Date of this Agreement. Provided, however, that nothing in this Agreement shall prohibit Rodriguez from cooperating with the EEOC or any other governmental agency.

7. **Voluntary Agreement.**  The parties acknowledge that they have read this Agreement in its entirety, fully understand its meaning and are executing this Agreement voluntarily and of their own free will with full knowledge of its significance. The parties acknowledge and warrant that they have had the opportunity to consider this Agreement carefully and that they have consulted with their respective attorneys prior to executing this Agreement. Rodriguez ACKNOWLEDGES AND WARRANTS THAT SHE HAS HAD AMPLE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH HER ATTORNEY AND IS CHOOSING TO EXECUTE THIS AGREEMENT FREELY AND WITHOUT DURESS, AND WITH FULL UNDERSTANDING OF ITS MEANING.

8. **Severability.**  In the event that any one or more of the provisions of this Agreement is held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions will not in any way be affected or impaired thereby. Moreover, if any one or more of the provisions contained in this Agreement is held to be excessively broad as to duration, scope, activity or subject, such provisions

4

will be construed by limiting and reducing them so as to be enforceable to the maximum extent compatible with applicable law.

       **9.**    **No Waiver.**  The failure to insist on compliance with any term or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

       **10.**    **Choice of Law and Venue.**  The terms of this Agreement and all rights and obligations of the parties thereto, including its enforcement, shall be interpreted and governed by the laws of the State of New York, without regard to conflicts of laws principles.  The parties consent to the jurisdiction of the United States District Court, Southern District of New York for any actions to enforce this Agreement. Notwithstanding the foregoing, the parties agree that the Company may seek to enforce the provisions of this Agreement in any federal or state court in any jurisdiction in which Rodriguez may be in breach of this Agreement or in any court of competent jurisdiction in the state in which Rodriguez resides.

       **11.**    **Contract Interpretation.**  The parties acknowledge that the headings provided in this Agreement are provided solely for convenience of the reader and shall not be construed as affecting the interpretation of the terms of this Agreement. The language of all parts of this Agreement shall be construed as a whole, according to its plain and ordinary meaning. The parties have been represented by counsel, and this Agreement shall not be construed against any party on the basis of authorship.

       **12.**    **Execution.**  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Fax and pdf copies of such executed counterparts may be used in lieu of the originals for any purpose.

       **13.**    **Entire Agreement; No Oral Modification.**  The terms contained in this Agreement constitute the entire agreement between the parties with respect to the subject matter hereof and supersede all prior negotiations, representations or agreements relating thereto whether written or oral.  The parties represent that in executing this Agreement, they have not relied upon any representation or statement not set forth herein.  No amendment or modification of this Agreement shall be valid or binding upon the parties unless in writing and signed by the parties.

<p style="text-align:center;">&lt;&lt;Signatures on next page&gt;&gt;</p>

**PIONEER HOME CARE, INC.**

*PATIENCE Emenike*
By: Patience Emenike, President

Date: _____

*[signature]*

**PATIENCE EMENIKE**

Date: _____

*[signature]*

**MARISOL RODRIGUEZ**

Date: 11/4/19

6